# CASES

# SUPREME COURT OF ILLINOIS.

## CENTRAL GRAND DIVISION.

### JANUARY TERM, 1877.

### WILEY W. MONTANYE

*v.*

### GEORGE A. WALLAHAN.

1. LANDLORD AND TENANT—*when tenant considered as holding over.* Where the landlord, at the expiration of a written lease for one year, demanded possession, which the tenant refused to deliver, but afterwards, and on the same day, without notice to the landlord, left the premises, and returned on the next day and continued in possession for nearly two years, without any further contract for leasing, or payment, or demand of rent, it was *held*, that there was a holding over, under the terms of the written lease.

2. SAME—*eviction by law to excuse payment of rent need not be actual expulsion.* Where a tenant in possession is ordered by the sheriff, having a writ of restitution based upon a judgment against the landlord, to vacate the premises described in the writ, and he and his family leave the premises and commence to take their goods away, and then the party entitled to possession under the writ executes a lease to such tenant, and permits him to retain possession under him, there is such an eviction by judgment of court as excuses the tenant from the payment of rent to the first landlord.

3. MISTAKE—*in name of party in body of contract does not vitiate.* Although a party to a lease may be misnamed in the body of the writing, yet

if he signs it, it is his contract, no matter by what name he is called in the body of the instrument.

4. REHEARING—*stay-order on petition does not affect what is already done.* Where a judgment has been affirmed in the Supreme Court, and a writ of restitution issued under it, and a tenant evicted, a motion for a rehearing entered and a stay-order made will not affect what has already been done.

5. SAME—*effect of reversal.* Where a judgment of the circuit court has been affirmed by the Supreme Court, and upon a rehearing it is reversed, such judgment of reversal will not retroact and disturb any rights which may have been innocently acquired under the judgment of affirmance, and upon the faith of it whilst it was in full force.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. CLARK & ELWOOD, for the plaintiff in error.

Messrs. WILLIAMS, BURR & CAPEN, Mr. R. G. INGERSOLL, Mr. W. S. BUSH, and Mr. NATHANIEL FRENCH, for the defendant in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding under a distress warrant issued on the 7th day of November, 1873, by Wallahan against Montanye, as tenant of a certain 80 acres of land, for rent claimed to be due for the year 1873. The distress warrant having been levied, proceedings were had, under the statute, in the circuit court to assess the amount of rent due, and the amount found due by the jury was $256.15, for which judgment was entered, and this appeal taken therefrom by the defendant.

There was a written lease between the parties, whereby Wallahan leased the premises to Montanye for one year, from March 1, 1871, to March 1, 1872, for one-third of the small grain raised, to be threshed and delivered to Wallahan at the machine on the place, and one-third of the corn, to be husked and delivered in the crib on the place—Wallahan's share of the corn to be husked by the 15th day of December, 1871. Montanye went into possession. On the expiration of the lease, March 1, 1872, Wallahan demanded possession, which

Montanye refused to deliver.  He did, however, leave the premises that evening, but without notice to Wallahan, and returned again on the 2d or 3d day of March, 1872, and continued in the occupancy until in November, 1873.   There was no further contract for leasing, or payment, or demand of rent.

We think there was a holding over here, after March 3, 1872, under the terms of the written lease—that the temporary absence and return did not avoid this effect.

Objection is taken to this lease because of a variance in name, *William* W. Montanye being written in the body of the lease, defendant's true name being Wiley W. Montanye. The name signed is W. W. Montanye.   The proof is, that the defendant signed the lease.   It is his lease, then, and he is bound by it, no matter by what name he may call himself in the body of the lease.

There was shown in defense a decree of the circuit court of Woodford county, in a case wherein The State of Illinois was complainant, and Wallahan and others defendants, rendered on the 22d day of April, 1865, which set forth, that in the year 1852 a judgment in escheat was rendered in favor of the State against the land, whereby the title became vested, and had since remained in the State; that Wallahan and his wife made claim to the land under a pretended deed from the former owner of the land, which they had made and forged since his death, and that their only right of possession to the land was under such deed; and the decree enjoins them from asserting any claim or exercising any control over the land, and ordered that they, and all claiming under them, quit and deliver up possession of the land to the sheriff of Woodford county, for the use of the State of Illinois, the same to be held by him as custodian for the State, and that a writ of possession issue to the sheriff to take and deliver possession.   The decree was appealed from to this court, and on the 22d day of January, 1872, the court affirmed the decree.   A writ of restitution was issued by the clerk of the Woodford circuit court on the 26th day of June, 1872, which the sheriff took and went to the

premises to execute. He demanded of Montanye possession of the land, ordered his family to leave the house, and they went out; commenced removing his goods, carrying a portion of them out of the house. Thereupon, a lease in writing was executed, under the hands and seals of the sheriff and Montanye, bearing date June 26, 1873, whereby the former, for the use of the State, leased to Montanye the premises, from that date until March 1, 1874, he covenanting to keep them in good repair and condition, and to surrender them up to the lessor at the expiration of the term in as good condition as when taken—and Montanye was then allowed to remain in possession.

We are of opinion that there was here an eviction by judgment of court on a superior title, which excuses the payment of rent. It was not necessary that there should be an actual physical expulsion from the premises. As bearing upon the question in hand, we consider what took place as tantamount thereto. Although, until this time, Montanye might be regarded as the tenant of Wallahan, holding over under the terms of the original written lease, we view this transaction as entirely putting an end to such implied tenancy; that there was a restitution, by process of law, of the possession to the rightful owner who was entitled thereto; that the new lease was rightfully taken by Montanye from the sheriff, and that thenceforth he was the tenant of the sheriff for the use of the State, and that the relation of tenant and landlord never after existed between him and Wallahan.

There was evidence of the service of a written notice, signed by Wallahan, upon Montanye, dated July 3, 1872, stating that a petition for a rehearing in the case in this court had been filed, that an order for the stay of proceedings had been obtained, and that Wallahan would disregard the payment of rent to or the acknowledgment of any one else as landlord, and would hold Montanye to all the responsibility the law imposed upon him as his tenant.

There was no evidence of any stay-order, more than such statement in the notice, which would not be competent evidence

thereof, and had there been proof of such a stay-order, we do not see that it would avail anything. What had already been done would stand, and the order could not have the effect to create a tenancy between Montanye and Wallahan.

It was also in evidence, that on the 9th day of October, 1874, this court, in accordance with the terms of a written stipulation, signed by the counsel of the respective parties, and filed, made an order which recited that the errors assigned were confessed by the appellee, and reversed the decree of the circuit court of Woodford county, and remanded the cause to that court, with directions to dismiss the bill, and judgment was rendered against the appellants for costs.

We do not see, either, that this judgment of reversal could have any effect here. It would not retroact and disturb any rights which Montanye had innocently acquired under the judgment of affirmance of the decree, and upon the faith of it, whilst it was in full force. *Wadhams* v. *Gay*, 73 Ill. 415.

We do not perceive that there was any relation of landlord and tenant subsisting between these parties during the period for which rent is here claimed, and, consequently, that there is any rent due. And the case for the appellant is further strengthened by the evidence, that for the year 1873 (the year for which the rent is claimed), appellant rented the land of, and paid the rent therefor to, one Robert Johnson, who claimed under a quitclaim deed from Robert Kennedy and Margaret Taylor of their interest in the land, as heirs at law of John Kennedy, the former owner, and that in November, 1873, appellant was evicted from the premises by the sheriff of Woodford county, by virtue of a writ of restitution issued in favor of appellee and Elizabeth Wallahan, and against the People of the State of Illinois, on the 6th of November, 1873, from the circuit court of Peoria county.

We regard the evidence as sufficiently showing such an eviction through the direction and agency of the appellee.

The judgment is reversed and the cause remanded.

*Judgment reversed.*