DAVID MATTHEWS

*v.*

CHARLES HOFF.

*Filed at Ottawa January 22, 1885.*

1. JURISDICTION—*presumption—as to county courts.* Every presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction. County courts in this State are courts of general jurisdiction in respect to all matters coming within the purview of their jurisdiction, and the same presumptions in favor of their jurisdiction in proceedings for the sale of land by administrators prevail as in favor of circuit courts.

2. SERVICE OF PROCESS—*evidence thereof—by recitals, or otherwise.* Where a court of general jurisdiction in its judgment or decree finds that the defendant was duly notified of the suit by the service of process upon him in apt time, it is at least *prima facie* evidence of such fact, and must be taken as well found, unless contradicted by the record itself.

3. A summons was issued in a proceeding by an administratrix for an order to sell lands to pay debts of an estate, on July 12, 1867, returnable to the July term, fixed by law to commence on July 15, 1867, and was returned duly served on the only heir, who was made a defendant. No court was held at the July term, but at the August term following, a decree of sale was entered, which recited that the defendant "had due and legal notice of the filing of the petition in this case by said administratrix, as appears from the return of the sheriff to a summons issued in this cause against C. H., which service was made more than ten days before the first day of the present term of this court." No summons issued after the July term could be found some twelve years afterward, nor since, upon diligent search: *Held,* that the finding of the summons issued July 12, 1867, in the files, and failure to find any other one, were not sufficient to overcome the presumption of the issue and service of another summons arising from the recital in the decree.

4. SUMMONS—*issued and made returnable to a term, less than ten days intervening.* On the filing of a petition by an administratrix for leave to sell

lands to pay debts of the estate, the summons was issued July 12, 1867, return-able to the July term, 1867, of the county court, which commenced on July 15, 1867. This was returned served on the defendant: *Held*, that the summons was void, and that service upon it gave the court no jurisdiction over the person of the defendant, as less than ten days intervened between the date of the writ and the return day.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. WILLIAM LANE, and Mr. JAMES McCOY, for the appellant:

The county court has jurisdiction to sell land to pay debts of a decedent, where there is a deficiency of the personalty. Hurd's Stat. p. 116, sec. 95, chap. 3.

The filing of the petition in the county court for the sale, gave the court jurisdiction of the subject matter. *Goudy* v. *Hall*, 36 Ill. 313; *Gibson* v. *Roll*, 27 id. 91.

The court acquires jurisdiction of the subject matter of the suit from the death of the party seized of the real estate, the grant of letters, his indebtedness and the filing of the petition showing these facts. *Bottsford* v. *O'Connor*, 57 Ill. 72; *Harris* v. *Lester*, 80 id. 307.

Jurisdiction of the person is obtained by the issuance of a summons, and legal service thereof made on the defendant; and in the absence of such process from the files, by loss or abstraction, such service may be shown by the recitals in the decree, when the court finds that such service had been made; and such finding of the court is conclusive, unless it is rebutted by other parts of the same record. *Bottsford* v. *O'Connor*, 57 Ill. 72; *Miller* v. *Handy*, 40 id. 448; *Barnett* v. *Wolf*, 70 id. 76; *Turner* v. *Jenkins*, 76 id. 228; *Bowen* v. *Bond*, 80 id. 351; *Andrews* v. *Bernhardi*, 87 id. 365; *Searle* v. *Galbraith*, 73 id. 269.

If insufficient service is made on the defendant, of process issued, to give jurisdiction to the court over the person of the

defendant, and the court finds that legal service was made on such defendant, such finding is conclusive in all collateral proceedings, unless it is impeached by the record itself in such a manner as to preclude all presumptions in its favor. *Barnett* v. *Wolf*, 70 Ill. 76; *Bottsford* v. *O'Connor*, 57 id. 72; *Bowen* v. *Bond*, 80 id. 351; *Miller* v. *Handy*, 40 id. 448.

Where the validity of acts done under a judicial proceeding is collaterally called in question, the court will only look to the jurisdiction. If the court finds that it has jurisdiction of the subject matter and of the person, then it matters not how erroneous the proceedings of the court may have been, the rights of third persons acquired while such proceedings are unreversed, and by virtue of them, will be protected. *Goudy* v. *Hall*, 36 Ill. 313.

Messrs. BENNETT & GREEN, for the appellee:

The record shows that the county court had no jurisdiction of the person of appellee. The summons was clearly void, as the law of 1857 required a summons issued within ten days of a term to be made returnable to the next term thereafter. The record of the court can not be contradicted, varied or explained by evidence outside of the record itself. *Barnett* v. *Wolf*, 70 Ill. 81; *Bottsford* v. *O'Connor*, 57 id. 72.

In the case at bar there is nothing in the record to show that there was any other summons either issued or served, while the record of the clerk as to the fees and costs in the case shows that the July summons was the only one issued.

Appellant has referred to numerous cases to sustain his position that it must be presumed from the record that another summons issued and was served; but in many of them the finding of the court related to service by publication, where the rule is entirely different from that which governs when the service is by summons. This is so in the cases of *Bowen* v. *Bond*, 80 Ill. 351, *Andrews* v. *Bernhardi*, 87 id. 365, and *Reddick* v. *State Bank of Illinois*, 27 id. 145. And in the

cases of *Miller* v. *Handy,* 40 Ill. 45, and *Jenkins* v. *Hunter,* 79 id. 230, the findings of the court were peculiar, and clearly stated both the existence and service of other process than that found in the record.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was commenced in ejectment, in the name of Charles Hoff, by his guardian, William Crawford, against David Matthews, in the circuit court of Whiteside county, to the October term, 1879, of that court. There seem to have been three trials of the case in the circuit court, a new trial under the statute having been granted to each party. On the last trial, the court to whom the cause was submitted for decision, without the intervention of a jury, found that plaintiff was the owner in fee simple of the lands described in the declaration, and that defendant was guilty of withholding the possession of the premises from him, and rendered judgment accordingly.

It was admitted on the trial that both parties claim title to the lands from a common source,—that is, from Charles Hoff, who died intestate on the 4th day of May, 1865; that the intestate in his lifetime was the owner, in fee simple, of such lands, and that plaintiff is his only heir at law. It is in this way that plaintiff claims title to the property in controversy. On behalf of defendant it was proven that Maggie Hoff became, by appointment by the county court, administratrix of the estate of Charles Hoff, her deceased husband, and, after qualifying, entered upon the duties of such office. Afterwards, such proceedings were had in the county court, on the application of the administratrix, that the lands of which her husband died seized, were ordered to be sold to pay the debts of his estate, and in pursuance of the order and decree of the county court the lands were sold at public sale, after proper notice, to Sherman Smith, to whom the

administratrix made a deed, in the usual form, conveying the lands in controversy. Subsequently, Smith, by deed, conveyed the lands to defendant, and it is the title derived through that source that defendant now insists is paramount, and should prevail.

Of course plaintiff would be entitled to recover unless his title to the lands which descended to him from his father was cut off by the administratrix' sale, and the conveyance made in pursuance of such sale. The petition presented by the administratrix to the county court for the sale of the lands to pay the debts owing by the estate, was in the usual form, and was sufficient to confer on the court jurisdiction of the subject matter of the suit. But it is insisted the county court, in that proceeding, did not have jurisdiction of the person of the infant defendant, and for want of jurisdiction the sale was without authority of law, and hence it is said the title of defendant wholly fails. The question of most importance then is, whether the county court, on the petition of the administratrix, ever obtained jurisdiction of the person of plaintiff in the proceedings to sell the lands that had belonged to his father, to pay the debts of his estate, and thus cut off the title plaintiff would otherwise have had to such lands.

It appears the petition for the sale of the lands was filed in the county court on the 12th day of July, 1867, and the summons issued therein to the minor defendant was made returnable to the July term of that court, which, by law, should have convened on the 15th day of the same month. That summons is found in the record, and seems to have been duly served on the defendant in that proceeding. No term of the county court was held in July of that year, and no record of any proceedings whatever as having been had at that term, appears in this record. The decree under which the property was in fact sold, was rendered at the August term of the county court,—that is, on the 28th day of August,

1867. It is recited in the decree for the sale of the property, that on the 28th day of August, 1867, the cause coming on to be heard, it appeared to the court the defendant therein "had due and legal notice of the filing of the petition in this case by said administratrix, as appears from the return of the sheriff to a summons issued in this cause against Charles Hoff, which service was made more than ten days before the first day of the present term of this court." When the files of this case in the county court were first examined, about the time this suit was commenced, no summons to the August term was found. That was some eleven or twelve years after the decree was rendered under which the property was sold. Nor has any summons to that term of court been since found, although diligent search has been made by the proper officer. There is oral testimony to the effect that it was not the habit of the clerk then in office to keep any record of the issuing of summons in such cases, so there is absolutely no record evidence other than the finding of the court in its decree, that any summons was ever issued for defendant to the August term of the county court at which the decree of sale was entered. The testimony of the attorney that conducted the proceedings in the county court for the administratrix is, that after it was discovered the summons issued to the July term was void, another summons was by his order issued for defendant in that suit, and delivered to the sheriff to be served. Of this fact the witness states he has a distinct recollection, but whether such summons was ever served he did not know, and did not assume to state. It may be true that a summons was issued for the defendant to the August term of the court, yet that fact by no means proves that it was ever served upon the defendant in the manner directed by statute. Rejecting all oral testimony, as must be done, as of no value whatever, the question remains, is the recital in the decree of the county court, the defendant "had due and legal notice" of the filing of the petition in the cause, "as appears from the return of

the sheriff to a summons issued in this cause against Charles Hoff, which service was made more than ten days before the first day" of that term of the court, sufficient to support the jurisdiction of the court to pronounce the decree it did? That was a jurisdictional fact, which it was the duty of the court first to find, and as there is absolutely nothing in the record itself that contradicts the finding of the court touching the fact of service of process in apt time, it must be regarded as well found, and *prima facie* evidence, at least, of the jurisdiction of the court over the person of the defendant. Every presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and county courts in this State are courts of general jurisdiction with respect to all matters coming within the purview of their jurisdiction as given by law. Were the rule of law otherwise, there would be no safety for purchasers at judicial sales. As much reliance ought to be placed on the finding of a court as respects its jurisdiction, as to other facts in the case, unless contradicted by the record itself,—otherwise opportunity might be afforded in many instances, by the destruction of the files by parties interested, or by mere accident, to defeat sales made in the utmost good faith, upon full consideration paid by the purchaser. The case being considered illustrates the necessity for the rule. It is conceded the summons to the July term of the county court was without authority of law, and that service upon it would have given the court no jurisdiction over the person of the defendant. But between that term and the convening of the court for the August term there was ample time in which another summons might have been issued and served. It must have so appeared to the court, for it solemnly found defendant "had due and legal notice" of the filing of the petition, from the return of the sheriff on the summons. There is nothing to show the court acted on the void summons to the July term of the court. The presumption is the court knew that summons was void, as having

been issued contrary to the provisions of the statute, and that service of it by the sheriff did not give the defendant "due and legal notice" of the filing of the petition. How, then, did the court find it had jurisdiction of the person of the defendant? It must have been from a summons issued to the August term, upon which there was the proper return of service by the sheriff, otherwise its finding on the question of jurisdiction would be absolutely untrue. All reasonable presumptions are in favor of the jurisdiction of the court, and the law will presume *prima facie*, at least, from the finding of the court, that such was the fact that such summons, with the proper return on it, was before the court, and may have. been abstracted or lost from the files.

But this is no new question in this court. In *Miller* v. *Handy*, 40 Ill. 448, on the question of jurisdiction, the court found two writs of *scire facias* had been returned *nihil*. That, it was said, was strong presumptive evidence of that fact, to be rebutted only by the clearest proof. The fact the first writ issued to the August term was void, it was insisted, the return on it could not be counted as a return of one *nihil*. To that proposition the court assented, but as there was time and opportunity before the term of court at which the decree was rendered, to do so, it was presumed, on the faith of the finding of the court, that such was the fact that two *nihils* had been returned. In support of the conclusion reached in that case, the court referred to *Reddick* v. *Bank*, 27 Ill. 145, where the necessity for the rule adopted was fully discussed. The rule announced in these cases has been followed in many subsequent cases in this court: *Barnett* v. *Wolf*, 70 Ill. 76; *Turner* v. *Jenkins*, 79 id. 228; *Bowen* v. *Bond*, 80 id. 351; *Mulvey* v. *Gibbons*, 87 id. 367. The reasoning in *Turner* v. *Jenkins* applies with equal force to the case being considered. It was there said: "Confessedly the service upon John Turner to the September term of court was defective. Without any steps having been taken, the cause was continued. At

the ensuing term, the decree recites, defendants 'were duly served ten days before the first day of the October term.' Only the summons to the September term is found in this record. *Non constat*, but a summons may have been issued to the October term, duly served on defendant, and lost from the files. Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its finding in the decree, defendants were 'duly summoned,' will be held *prima facie* evidence of the existence of that jurisdictional fact." It will be noticed a close analogy exists between the facts in the case last cited and the one now before this court. Here, only the summons to the July term of the court is found in the record. It is possible another summons may have been issued to the August term, duly served on defendant, and lost from the files. It is to be presumed, on the faith of the finding of the court in its decree, that such was the fact. The mere absence from the files, of the summons, ought not to be allowed to overcome the presumption arising from the finding of the court that it had jurisdiction. That would be a dangerous rule. As nothing appears in this record that rebuts the presumption in favor of the jurisdiction of the court, arising from the finding of jurisdictional facts in its decree, it must be held the county court had jurisdiction of the person of the defendant to pronounce the decree of sale, and its decree, in all collateral proceedings, at least, will be regarded as valid.

It is not thought necessary, at this time, to discuss some minor questions that are supposed to be involved. At most they are mere irregularities, and if found to exist they may be correctly determined on another trial, without any suggestions from this court.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*