· WILLIAM DENK *et al.* Appellants, *vs.* ANNA FIEL *et al.* Appellees.

*Opinion filed February 25, 1911—Petition stricken April 6, 1911.*

1. JURISDICTION—*when recital of a decree must be accepted as true.* Where the decree in a proceeding by an administrator to sell land to pay debts finds that each of the minor children (naming them) was personally served with summons more than ten days before the term, such recital must be accepted as true even though the summons in the record does not show proper service, where there was ample time to have issued and served another summons ten days before the first day of the term at which the decree was rendered and there is nothing in the record to show that this was not done.

2. INFANTS—*right of infant to file bill to impeach a decree.* A decree rendered against a minor may be attacked by him by an original bill for ·fraud or errors appearing on the face of the decree, and the bill may be filed by the infant during his minority or within the period for prosecuting a writ of error after attaining his majority; and this right extends to all cases where the rights of innocent third parties will not be affected, and is not limited to cases involving jurisdictional questions.

3. SAME—*extent of infant's right to impeach decree.* Where the rights of innocent third parties have not intervened and the subject matter of the original decree against a minor is in the hands of persons who were parties to the suit or in privity with such parties, a bill may be filed by such minor for the purpose of setting aside such decree for fraud or for any error which appears on the face of the proceedings for which such decree would be reversed by a court of review.

4. SAME—*when suit by minors must be determined as though questions were presented on writ of error.* A bill by minors to

impeach a decree ordering a sale of lands by an administrator must be treated the same as though the original decree were being reviewed by writ of error, where the only parties interested who were not parties to the original proceeding are a purchaser *pendente lite* and another person who acquired an interest in the land by paying a mortgage thereon but who does not occupy the position of an innocent purchaser.

5. JUDICIAL SALES—*purchaser has a right to rely upon decree of court having jurisdiction.* A purchaser at a judicial sale who was not a party to the record has a right to rely upon the decree if the court had jurisdiction, and he will be protected against any errors or irregularities in the proceeding anterior to the sale.

6. SAME—*real estate may be sold to pay widow's award.* The widow's award is a preferred claim against the estate of her deceased husband, and if there is a deficiency of personal assets the real estate may be sold to pay the award.

7. SAME—*heir takes real estate subject to its being sold for intestate's debts.* The lands of an intestate are held subject to the payment of his debts, and while the title descends to the heir, his estate is defeasible and liable to be defeated by an administrator's sale if there is a deficiency of personal assets.

8. SAME—*homestead estate is not subject to sale to pay debts.* Upon the death of a householder intestate the fee of the homestead premises descends to his children subject to the widow's right of dower and homestead and to the right of the children to occupy the homestead jointly with the widow until they, respectively, attain their majority, and it is error to decree a sale of the premises to pay the widow's award without protecting the homestead interest of the children.

9. SAME—*what is not ground for relief against decree of sale.* Error in decreeing a sale of homestead premises without protecting the homestead interest of the minor children is not ground for setting aside the decree, where such children wait until they have attained majority and their homestead interest is extinguished before filing their bill.

10. LIS PENDENS—*one purchasing after bill is filed takes subject to decree.* One purchasing land after the filing of a bill to set aside a decree ordering a sale of the lands by an administrator holds his title subject to any interest that may be ultimately established in the parties as the result of the litigation.

FARMER and DUNN, JJ., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

JOHN STELK, for appellants.

ROBERT L. STEPHENS, and A. G. ANDERSON, for appellees.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Anton Denk died intestate in Chicago January 31, 1896, leaving him surviving Anna Denk, his widow, and William, Annie, Josefa and Antonie Denk, his children by a former wife, as his only heirs-at-law. At the time of his death he was the owner of lot 27 in Evans' subdivision of a part of the south half of block 38 in the subdivision of section 19, township 39, north, range 14, east of the third principal meridian. This property was improved with a one-story house and was occupied by said Anton Denk as his homestead, and his wife, Anna, and one child, Josefa, were living with him at the time of his death. It was stipulated by the parties that the property was worth about $2500 and was subject to a mortgage given by Anton Denk for $1100. Upon the application of the widow Karl H. Frankl was appointed administrator of the estate of said Anton Denk, deceased, by the probate court of Cook county. The administrator filed an inventory, in which he stated that no personal property of the estate had come to his hands and that the deceased died seized of the above described real estate. Appraisers were appointed, who reported no property subject to appraisement and at the same time fixed the widow's award at $1380, which was approved by the court. On March 6, 1896, the administrator filed his petition in said probate court for a decree to sell the real estate of the deceased to pay the debts of the estate. The petition alleged a deficiency in the personal estate to pay the widow's award of $1380 and the expenses of administration then due and to accrue; that no other claims would be presented against said estate; that said Anton Denk departed this

life intestate, leaving him surviving his widow and children above named as his only heirs-at-law; that all of said children were minors, unmarried, and had no legal guardian residing in this State; that he died seized of the real estate above described, which was improved with a one-story brick building occupied by said widow and her family, and that it was subject to the dower and homestead rights of the widow and to a trust deed to secure the payment of $1100. The widow and children and the holder of the indebtedness secured by said trust deed were made defendants to the petition. The appointment of a guardian *ad litem* for the minors and a decree for the sale of the real estate were prayed for. Upon the filing of the petition a summons was issued out of said court, dated March 6, 1896, and returnable on March 16, 1896. It was returned by the sheriff of Cook county with an endorsement thereon that he had served the said summons on the said William Denk, Annie Denk, Josefa Denk and Antonie Denk by reading the same and delivering a copy thereof to each of them on March 14, 1896. The other defendants were served with summons on March 6, 1896. No decree was entered at the March term of court, but afterwards, on the 5th day of May, 1896, being one of the days of the April term of said probate court, a decree was entered finding the material allegations of the petition to be true and that it was necessary to sell said real estate for the payment of debts, and ordered that the same be sold subject to the dower interest and homestead rights of the said widow and subject to the encumbrance of $1100. Said decree also contained the following finding: "And it further appearing to the court that the defendants William Denk, Annie Denk, Josefa Denk and Antonie Denk were duly and personally served with summons in this cause by the sheriff of Cook county more than ten days prior to the first day of the present term of this court, that they are minors and have no guardian residing in this State, it is therefore ordered by the court that E. P. Eastman be ap-

pointed guardian *ad litem* for said defendants." Under this decree the administrator sold the real estate in question on June 12, 1896, to the widow, Anna Denk, for the sum of $1200, subject to her dower and homestead rights and to the lien of said trust deed. The report of sale was approved by the court, and the administrator thereupon executed his deed conveying said premises to said widow, Anna Denk, and she executed to him a receipt for $1200. On October 5, 1898, she conveyed said premises to James Pitlik and Katerina Pitlik, his wife, and in November of that year said widow, Anna Denk, married Frank Fiel. James Pitlik and Katerina, his wife, conveyed said premises to Frank Fiel and Anna Fiel by warranty deed dated May 30, 1899, for an express consideration of $1200. Frank Fiel paid off the indebtedness against the property and caused the trust deed above mentioned to be released. He made some additions to the house, and subsequent to the filing of the original bill in this suit he and his wife, Anna Fiel, sold and conveyed the property to the defendant James M. McManus for a consideration of $5400. The original bill in this case was filed May 19, 1908, in the superior court of Cook county, by the children of Anton Denk, except Annie, who had married Frank Weiss and departed this life leaving a child named Alice Weiss surviving her, who, with its father and guardian, Frank Weiss, joined as complainant. All of said children of Anton Denk had attained their legal majorities, but this suit was commenced within five years thereafter. The prayer of the bill is that the decree of the probate court be declared null and void and set aside for want of jurisdiction of the complainants, and that the deeds made purporting to convey the premises, based on said administrator's sale, be declared void, and that the dower interests of Anna Fiel and Frank Weiss be set off to them, and that the estate of homestead be set off to complainants Josefa and Antonie Denk, and that said real estate be partitioned among the complainants, claiming a one-fourth un-

divided interest for each of the said complainants. The master to whom the cause was referred, with directions to report his conclusions of law and fact, reported adversely to the complainants and recommended a decree dismissing the bill. On the hearing before the court on exceptions to the master's findings a decree was entered dismissing the bill, from which William Denk and Josefa Denk have prosecuted an appeal to this court.

The contention that the county court had no jurisdiction of the children of Anton Denk cannot be sustained. The decree finds that each of said children (naming them) was duly and personally served with summons more than ten days before the first day of the term at which the decree was entered, and this finding is not contradicted by any other part of the record. There was ample time for the issuance and service of another summons for the April term, and nothing appearing to the contrary in the record, it will be presumed that such summons was issued and duly served ten days before the first day of the April term. (*Matthews v. Hoff,* 113 Ill. 90; *Connely v. Rue,* 148 id. 207.) Other objections to the decree do not involve jurisdictional questions.

The right of an infant to maintain an original bill for relief against a decree entered against him during his minority, for fraud or for error appearing upon the face of the proceedings, is settled by a long line of authorities in this State. *Loyd v. Malone,* 23 Ill. 41; *Kuchenbeiser v. Beckert,* 41 id. 172; *Gooch v. Green,* 102 id. 507; *Lloyd v. Kirkwood,* 112 id. 329; *Haines v. Hewitt,* 129 id. 347; *Griswold v. Hicks,* 132 id. 494; *Coffin v. Argo,* 134 id. 276; *Grimes v. Grimes,* 143 id. 550; *Clark v. Shawen,* 190 id. 47; *Crane v. Stafford,* 217 id. 21; *Johnson v. Buck,* 220 id. 226.

The above authorities settle beyond controversy the jurisdiction of equity to entertain an original bill at the instance of minors whose rights have been prejudiced by a

decree rendered against them while they were under lawful age, and that such bill may be filed during minority or within the time fixed by the statute for suing out a writ of error after such infant defendants have attained their majority. There is, however, some confusion among the authorities as to the character of defects in the proceeding sought to be impeached which will warrant a court of equity in granting relief under a bill of this character. This apparent conflict in the decisions of this court results mainly from a failure to keep in mind the distinction between the rights of parties to the record and their privies and the rights of third parties who have acquired interests in the subject matter subsequent to the rendition of the decree sought to be impeached. It is a rule founded on reason and well supported by authority, that a purchaser at a judicial sale who is not a party to the record will be protected against any errors or irregularities in the proceeding anterior to the sale, provided that the court rendering such decree had jurisdiction. Innocent third parties have a right to rely upon a judgment or decree of a court having jurisdiction to pronounce it. They are not required to look beyond the question of jurisdiction, and if the decree is one which the court has jurisdiction to render, both as to subject matter and the parties, innocent purchasers acting in good faith will be protected notwithstanding the existence of errors which would cause a reversal of such decree or judgment by the court of review. *Montanye* v. *Wallahan,* 84 Ill. 355; *Thompson* v. *Frew,* 107 id. 478; *Crawford* v. *Thomson,* 161 id. 161; *Ure* v. *Ure,* 223 id. 454.

In order to give innocent third parties the full protection of the rule announced above against an attack upon a decree made by an original bill, such as the one filed in the case at bar, this court has many times decided that such a bill is in the nature of a collateral attack on the proceeding sought to be impeached and that only jurisdictional questions could properly be raised. Some of the cases in this

court which so hold are *Moffitt* v. *Moffitt*, 69 Ill. 641, *Harris* v. *Lester*, 80 id. 307, *Bradley* v. *Drone*, 187 id. 175, and *Frothingham* v. *Petty*, 197 id. 418. These cases, and other cases in line with them, lay down the rule that a bill such as the one now under consideration is a collateral attack upon the original decree, and the general rule applicable to collateral attack is applied. When these cases are considered in connection with the line of cases which hold that a bill of this character can be maintained for the purpose of impeaching a decree against a minor for fraud or for error apparent on the face of the proceedings, there appears to be an inconsistency between the two rules announced. A decree or judgment rendered in a proceeding wherein jurisdiction of the court is wanting is absolutely void and may be called in question at any time by any person affected thereby, either directly or collaterally. If it is this class of decrees, only, that can be impeached by a bill of this kind, then there is no reason for limiting its use to infants against whom such decree has been entered. Such remedy would be equally available to adults in so far as it applies to void decrees and judgments. Equity, in extending this remedy to a class of persons whose rights have always been the subject of the tender solicitude of a court of chancery, intended to confer upon such class a substantial remedy for the redress of grievances which was not open to the unrestricted use of litigants generally. The right thus intended to be accorded to persons coming within the class for whose benefit the remedy is provided is the right to file an original bill to impeach and set aside a judgment or decree for fraud or error which appears upon the face of the proceedings, in all cases where the rights of innocent third parties will not be affected. When the subject matter of the original decree is in the hands of persons who were parties or in privity with the parties to the original proceeding, a bill may be filed by infants for the purpose of setting aside such decree or judgment for fraud or for

any error which appears upon the face of the record for which such decree or judgment would be reversed by a court of review. The reason for this distinction is that the party to a suit is presumed to know of all the errors in the record, and cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal or annulment of such decree. All titles acquired by parties to an erroneous record are held subject to be divested when such erroneous judgment is reversed or set aside. *McJilton* v. *Love,* 13 Ill. 486; *Chickering* v. *Failes,* 29 id. 294; *Cable* v. *Ellis,* 120 id. 136; *Aurora and Geneva Railway Co.* v. *Harvey,* 178 id. 477; *Ure* v. *Ure, supra;* Freeman on Judgments, sec. 4, p. 81.

At the time the bill in this case was filed the title to the real estate involved was in the widow, Anna Fiel, and her husband, Frank Fiel. While Frank Fiel was not a party to the original proceeding, he does not occupy the position of an innocent purchaser for value, without notice. In fact, his relation to the property is the result of his having paid off an indebtedness against it which was secured by a trust deed. He might have some right, by way of subrogation or otherwise, to reimbursement for whatever amount he has paid to relieve the property of liens. After the bill in the case at bar was filed, Anna Fiel and her husband conveyed the property in question to James M. McManus for an express consideration of $5400. McManus, having purchased the property after the commencement of this suit, holds his title subject to any interest that may ultimately be established in the parties as the result of this litigation. Under the rules announced, the rights of the parties are to be determined in the same manner and with like results as though a writ of error had been sued out to bring the original decree of the probate court into review. The original decree ordered the sale of the premises involved to pay the widow's award. The widow's award is a preferred claim against the estate of her deceased husband, for the payment

of which his real estate may properly be sold when there is
a deficiency of personal assets. Under our statute the lands·
of an intestate are held subject to the payment of his debts,
and after the personal estate is exhausted it is made the
duty of the administrator to apply to the proper court for
an order to sell a sufficient amount of the real estate to dis-
charge the residue of the debts. The real estate in such
case descends to the heir with this charge resting upon it.
He acquires a vested but not an absolute interest in the
land. He cannot convey it to the prejudice of the rights
of creditors. His estate is defeasible and liable to be de-
feated by sale made by the administrator in the due course
of administration. *Vansyckle* v. *Richardson,* 13 Ill. 171;
*McCoy* v. *Morrow,* 18 id. 519.

At the time of' the death of Anton Denk he was the
owner in fee of the premises in question and occupied the
same as a homestead with his wife and children by a for-
mer marriage. Upon his death the fee in the premises
passed to his heirs, charged with the payment of his debts
to the extent that his personal estate was insufficient for
such purpose, and also subject to a homestead estate to the
extent in value of $1000, which was continued as a joint
estate for the benefit of his widow and children until the
youngest child became twenty-one years of age. The chil-
dren of Anton Denk sustained a dual relation to the prem-
ises in question. They inherited the fee subject to the debts
of their father and subject to the dower and homestead of
the widow, which latter estate they were entitled to enjoy,
jointly with the widow, until the children, respectively, at-
tained their majority. The homestead estate was not sub-
ject to sale, under the decree of the probate court, for the
payment of debts of the intestate. The only interest upon
which the order of sale could operate was the fee simple
title of the heirs which was cast upon them by descent.
The court should have protected the homestead interest of
the children of Anton Denk, and it was error to order a

sale of the premises without reference to such interest. If appellants' right to a homestead had existed at the time this bill was filed, the error already pointed out would be sufficient, as between the parties to the original proceeding and those who are bound thereby, to warrant a decree setting aside the probate court proceeding and directing a decree to be entered which would secure to appellants their right of homestead, but since the right to occupy and enjoy such homestead had expired, under the statute, by reason of appellants' having attained the age of twenty-one before the commencement of this suit, it would be of no practical benefit to set off a homestead to them when their right to enjoy it had expired when the bill was filed. Antonie Denk, the only one of the children that was under twenty-one years of age when the bill was filed, has not joined in this appeal and hence she is bound by the decree below. If, instead of filing this bill, appellants had sued out a writ of error to the probate court, it would be a good answer thereto that at the time the writ was sued out their right to the homestead had ceased to exist. We are of the opinion that appellants' right to now complain of the error in the probate court proceeding by means of the present bill stands upon the same footing as a writ of error, and that they are not entitled to now have a homestead assigned or allotted to them in these premises.

The only remaining question is whether appellants are entitled to any other relief by reason of their being deprived of their homestead interest during their minority. The right of which they have been deprived was the right to occupy the homestead jointly with their step-mother. Of this right they alleged that they were deprived by the exclusive occupancy of the premises by Anna Fiel. The only way in which it is now possible to compensate them for their loss in this regard would be by an award of damages against their step-mother based on the value of the use and occupation of the premises during the term they were de-

prived of their use. We are of the opinion that such compensation cannot be awarded under the present bill, for the reason that whatever right appellants may have in this regard does not arise out of any error appearing upon the face of the record in the probate court proceeding. The facts out of which this claim arises are brought into this record by an averment of facts outside of the record of the probate court proceeding,—in other words, it is a matter that does not appear upon the face of the record in the probate court. Furthermore, the mere fact that the widow for any reason refused to allow her step-children to live with her upon the homestead after the death of their father was not the result of the probate court proceeding. The fact appears to be that the children of Anton Denk by his former wife lived separate from their step-mother before the probate court ordered the sale of these premises. We cannot see that the sale under the order of the probate court and the purchase of the premises by Anna Fiel have any connection with the fact that appellants were not allowed to occupy their homestead. Whatever the circumstances may have been that led to the separation of the children from the home of their father after his death, it is apparent that the probate court proceedings did not drive them out. They had the same right after the entry of the decree to occupy the homestead that they had before. The probate court had jurisdiction of both the subject matter and the parties. The only error that the court committed was in respect to the homestead of the children of Anton Denk. This error, as we have already seen, cannot be taken advantage of by appellants because their right has expired under the statute.

Appellants not being entitled to any relief under their bill the court did not err in dismissing it, and its decree will accordingly be affirmed.                    *Decree affirmed.*

FARMER and DUNN, JJ., dissenting.