*48 OPINION of the Court, by
Judge 0 wsiet.
This is an appeal from the decree of the Bourboh circuit court-enforcing the specific execution of ah agreement in writing under the hands of M’Intire and John Martin, -(un* der whom the appellees derive their claim) compromise *49 irtg tlieli interfering claims; the one held by Martin, by patent dated 1798, for 2000 acres ; the other belonging to MTntire, held by a patent of the year 1785. By Which agreement it was stipulated the parties would divide the interfering land equally, and investigate such interfering claims as were adverse to both; and for the farther fulfilment of the agreement, to execute, whenever called on, bonds and security to each other. The agreement of compromise was entered into the 14th of October 1800,' and the appellee Johnson claims the benefit of the agreement under a purchase subsequently made of Martin, and the other appellees derive their interest under a subsequent purchase.from Johnson.
But the one party manifeft-ed an indifpo-fition to comply with the terms of the compro-inife, and fold all the land, & afterwards hia affignees applied for a fpecific execution of the contradi; but it was re-fufed*
We have not thought it necessary to a determination of this cause, to investigate the relative dignity of Martin’s and M’lntire’s claims : for as the exhibits in the cause clearly demonstrate an interference between the lands contained within their respective patents, that interference formed properly the subject of contest, and which might be adjusted by the agreement of compromise between the parties. The specific execution of such an agreement, we do not, however, suppose can be repelled merely on the grounds that M’Intire was mistaken as to the relative dignity of his claim: for if one party to the agreement may be relieved for such a mistake, reciprocal justice requires the other should also be relieved for a like mistake ; and as every compromise, "where any thing is surrendered contrary to right, rather implies an ignorance of right in the party making the sacrifice, the consequence of such doctrine would inevitably be to subject all such agreements to the pointed condemnation of courts of chancery. Were the compromise, however, procured through the fraudulent misrepresentations or concealments of Martin, it would not be contended but what a court of equity would not only refuse its extraordinary aid in decreeing á specific execution, but upon proper application would decree its cancelment. But as the evidence in this cause does not establish such a fraud, the claim of the appellees cannot lie repelled on that ground.
Although the agreement of compromise may in its origin have entitled either party to the aid of equity in compelling its specific 1 execution, it becomes proper we shoidd inquire whether under the various circumstances attending this case, according to the rules upon which *50 'courts óf equity act, 'that relief should have been with* lield from the appellees ?
It is not every' agreement which ivould hate been enforced immediately upon its being entered into, that wilf ! be carried into effect at a subsequent period : for as such applications áre made to the sound discretion of the 'chancellor, the complainant must not only have exercised good faith in making the agreement, hut must also uniformly evince an honeat design faithfully and promptly to execute his part Of the contract. Rut in cases of ‘an accident, design or marked intention on the part of a complainant, Subsequent to making the agreement, not to be bound by or perform his part of it, courts of equity have, upon the principle of the party asking relief having abandoned his right to a specific execution, refused their aid. So too although in equity time is not deemed the essence of a contract, yet when a complainant is not prevented by difficulties in the title from performing his part of the contract according to the stipulations as to time, but has laid by and shewn a backwardness, com'rf of equity have construed such conduct into an abandonment of right, and refused to carry the contract into specific execution.
An application of these rulés to the case before us, as made out in evidence, will clearly demonstrate the impropriety of decreeing a specific execution of the agreement of compromise, at the instance of the appellees i for were there no other evidence but that of the conveyance by Martin to Johnson, &c. without any reservation as to the right of M’Intirc under the agreement of compromise, it might be a question whether that should not he adjudged an abandonment of the agreement. Re that however as ⅜ may, no doubt can remain but what Johnson, by selling to others all the land in contest, has fevinced such an intention not to comply with the agreement on the part of Martin, as precludes him from ..the aid of equity In carrying the agreement into execution.
The decree of the Court below must therefore be reversed with costs, the cause remanded and the bill dismissed with costs.