CLEMENS STOSE, impleaded with Frederick Weis, Appellant, *v.* THE PEOPLE, etc., who sue for the use of Julius Rosenthal, Appellees.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

In an action of debt on a bond, the judgment should be for the penalty as the debt, to be discharged, by the payment of the damages found by the jury.

An administrator *de bonis non* cannot call upon the previous administrator for an account of assets already administered; this is for the heirs or distributees to do.

THIS was an action of debt on a bond, commenced by an attachment, the affidavit for which recites that Julius Rosenthal is administrator *de bonis non,* with the will annexed, of the estate of George Frederick Heym, deceased. That Frederick Weis, formerly executor of said estate, but lately removed from office of executor by the County Court of Cook county, Illinois,

and Clemens Stose, survivors of Andrew Getzler, deceased, are jointly indebted and liable to the People, etc., to the use of Rosenthal, upon the official bond of said Weis, as executor as aforesaid, by reason of the breaches of the condition thereof by said Weis, as executor, and from a *devastavit* by him of said estate, in the sum of eleven hundred and ninety-eight dollars and sixty-eight cents, being $950, balance in the hands of said Weis as executor as aforesaid, June 20, A. D. 1856, belonging to said estate, after deducting payments made by him on account of said estate, and to Kunigunde Müsel, one of the devisees in the will of said Heym, deceased, and interest on said sum of $950 from June 20, A. D. 1856, to the present time, being $248.60. That said bond bears date the 29th day of October, 1846, and was made by said Weis, Stose, and by one Andrew Getzler, who is since deceased, leaving Weis and Stose, survivors, in the penal sum of fifteen hundred dollars, running to the People of the State of Illinois, and conditioned, in substance, that said Weis, as executor as aforesaid, should make a true and perfect inventory of all and singular the goods and chattels, rights, credits, lands, tenements, and hereditaments, and the rents, issues and profits of the same, of deceased, which should come to the hands, possession, or knowledge of said Weis, or into the possession of any other person for him, and the same so made should exhibit in the probate court of said county, as required by law; and also make and render a fair and just account of his actings as such executor, to said court, when thereto lawfully required, and well and truly fulfill the duties enjoined upon him by said will; should pay and deliver to the persons entitled thereto, all legacies and bequests contained in said will, so far as the estate should extend, according to value, and as the law should charge him; and should do all other acts which might be required of him by law.

The cause was submitted to the court for trial without a jury, on issues joined on plea of defendant Stose, impleaded with Weis, etc. And the court, after hearing evidence and arguments of counsel, found the issues for the plaintiffs, and assessed their damages, for use aforesaid, against both of the said defendants, to the sum of one thousand two hundred and seven dollars.

Defendant Stose moved for a new trial, which motion was overruled by the court.

The judgment entered on the finding of the court was as follows:

" Therefore it is considered, that the plaintiffs do have and recover of and from the said defendants, for use of Rosenthal, etc., their damages of one thousand two hundred and seven dollars, by the court in form aforesaid assessed and found, together

with their costs and charges, and have execution therefor; and that an order issue for the sale of the property attached."

A. W. WINDETT, for Appellant.

BREESE, J. As to the form of the judgment entered in this cause, it was clearly wrong. The action was debt on a bond for the penalty. The judgment should have been entered for the penalty, as the debt, to be discharged by the payment of such damages, as might be proved and the jury or court find.

But this is now immaterial, as our decision is upon the merits. The plaintiff has shown no cause of action whatever. As administrator *de bonis non*, he cannot call the prior administrator to account. There is no responsibility of that nature. The first administrator and his sureties are responsible to the creditors, distributees or heirs of the intestate, for the assets which may have come to his hands, but not to his successor. Whatever goods and chattels of the estate remain in specie, or can be discovered, the administrator *de bonis non* has a right to recover into his possession, but nothing else. The case of *Rowan* v. *Kirkpatrick et al.*, 14 Ill. 8, is decisive of this case.

In that case the court say : " It was insisted on the argument, that it was the duty of Rowan, as administrator *de bonis non* of James, to collect from the estate of Alexander all claims which the heirs of James might have upon it; and that the heirs could not maintain a suit against the administrator of Alexander Reid, for assets converted by him in the administration by him of their ancestor's estate. Directly the reverse is the law. The heirs or distributees can, and the administrator *de bonis non* cannot, maintain such a suit. An administrator *de bonis non* has no authority to call upon the first administrator for an account of assets already administered upon. His commission only authorizes him to administer upon so much of the estate as was unadministered upon by the former administrator. Whatever goods and chattels of the first estate remain in specie, or can be traced and distinguished, the administrator *de bonis non* has a right to recover ; but he has no right to call for an account of any part of the estate sold, converted, or wasted by the first administrator. When an administrator converts the goods of an intestate to his own use, it is an administration of such goods, and being an administration, is consequently without the commission of an administrator *de bonis non*. The established practice, therefore, is, for the distributees or creditors of the intestate, and not the administrator *de bonis non*, to prosecute the representatives of the first administrator for any waste or misapplication of the assets of that administration."

*Warwick* v. *McMerdo*, 5 Randolph, 51 ; *Cheatham* v. *Friend*, 9 Leigh, 580 ; *Smith* v. *Carrese*, 1 Richardson's Eq. Rep. 123 ; *Oldham* v. *Collins*, 4 Bibb, 49 ; *Felts* v. *Brown*, 7 Bibb, 147 ; *Young* v. *Kimball*, 8 Blackford, 167 ; Bacon's Abr., title Executor, B. 2 ; 1 Williams on Executors, 656 ; *Potts* v. *Smith*, 3 Rawle, 361 ; *Hagthorp* v. *Hooker*, 1 Gill & John. 270 ; *Coleman* v. *McMerdo*, 5 Randolph, 51 ; *Thomas* v. *Hardwick*, 1 Kelly, 78 ; *Newhall* v. *Turney*, 14 Ill. 338–341. See also, the case of *Semele Short* v. *Johnson, ante*, p. 489.

The judgment is wrong, both in form and substance, and must be reversed.

*Judgment reversed.*