# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## THIRD GRAND DIVISION.

### SEPTEMBER TERM, 1868.

JOHN E. DUFFIN *et al.*

*v.*

ASA M. ABBOTT *et al.*

1. ADMINISTRATOR—*de bonis non—appointment of, cannot be attacked collaterally.* The legality of the appointment of an administrator *de bonis non,* cannot be questioned in a collateral proceeding.

2. SAME—*may call upon a former administrator to account—when.* Under our statute, the authority of an administrator *de bonis non* to call upon a former administrator, whose letters have been revoked, to account fully for his administration of the estate, is clear and unmistakable.

3. FORMER DECISIONS. The cases of *Rowan* v. *Kirkpatrick,* 14 Ill. 1, and *Marsh et al.* v. *The People,* 15 ib. 286, cited and explained. The case of *Stose* v. *The People,* 25 Ill. 600, overruled.

3—48TH ILL.

| 48 | 17 |
| 165 | 429 |

| 48 | 17 |
| 71a | 340 |

| 48 | 17 |
| 89a | 1382 |

| 48 | 17 |
| 191 | 1294 |

| 48 | 17 |
| 197 | 1429 |

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was a suit in chancery, brought by the appellees, Asa M. Abbott and Isabel Harrison, as administrator and administratrix *de bonis non*, of the estate of John Harrison, deceased, against the appellants, John E. Duffin and David Summers, and one Ora B. Crosby, to correct mistakes in the bond of the defendants, given by them as the administrator's bond of Ora B. Crosby, when he was the administrator of said estate, whose letters had been revoked, and praying that an account be taken as to the amount due said estate from said Crosby, and that defendants be ordered to pay the same.   On the final hearing, the court below decreed that judgment be entered against the defendants for $2,000, to reverse which, the case is brought to this court by appeal.

Mr. C. J. JOHNSON, for the appellants.

Messrs. BARGE & HEATON, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Two questions are presented by this record: First, can the appointment of an administrator *de bonis non* be attacked collaterally? and second, Is a former administrator, whose letters have been revoked, and his sureties, liable to account to the administrator *de bonis non*, in an action brought for such purpose?

As to the first point, we deem that settled by the case of *Wight* v. *Walbaum et al.* 39 Ill. 563, where it was held that a person being appointed administrator by the proper court, is, at least, administrator *de facto*, and being such, the regularity of his appointment cannot be questioned in a collateral proceeding.

Upon the second point, the statute is clear and unmistakable. By section 75 of the Statute of Wills, it is provided, " in all cases where any executor or administrator shall have his letters revoked, he shall, nevertheless, be liable on his bond to such subsequent administrator or administrators for any mismanagement of the estate thus committed to his care as aforesaid, and such subsequent administrator or administrators may have and maintain actions of trover, debt, detinue, account, and on the case, against such former executor or administrator for all such goods, chattels, debts and credits, which shall have come to the possession of him or her, and which shall be withheld, or may have been wasted, embezzled or misapplied, and no satisfaction made for the same." Scates' Comp. 1196.

A reference is made by appellants' counsel, to the case of *Stose* v. *The People*, 25 Ill. 600, in which it was decided, on the authority of the case of *Rowan* v. *Kirkpatrick et al.*, 14 ib. 8, from which a full citation was made, that an administrator *de bonis non* could not call the prior administrator to account. In that case it was distinctly held, that " an administrator *de bonis non* has no authority to call upon the first administrator for an account of assets already administered upon." No reference was made in Stose's case to the case of *Marsh et al.* v. *The People*, 15 ib. 286, where the distinction is observed between an administrator *de bonis non* appointed on the death of an administrator, and one appointed on the revocation of the letters. In the former case, the representatives of the deceased administrator cannot be called to account by the subsequent administrator, but only by the heirs and distributees. In the latter case, the section of the statute we have cited, expressly authorizes proceedings by the subsequent administrator against the prior administrator. The case of *Stose* v. *The People* was decided without reference to this distinction, and improperly decided. The language of the statute is too plain to be misunderstood.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*