## EDWARD L. McDONOUGH, Ex'r,

### v.

## THOMAS HANIFAN, Adm'r.

1. STATEMENT—SALE BY EXECUTOR—ESTOPPEL.—H., by her will appointed S. executor of her estate, which consisted largely of leasehold interest in lands for ninety-nine years, with directions to pay over the rentals as they were received to her two sons, or he might occupy the same himself, paying therefor a stated rental. The executor sold the lands and received the money therefor. In a proceeding against his estate, held, that he and his personal representatives are estopped from asserting that he had no power under the will to sell the land; that having asserted this power and received

McDonough v. Hanifan.

the consideration for the sale, and the estate of which he was executor elect-
ing to affirm it, he must account for the proceeds received.

2. DAMAGES.—Included in the sale mentioned was a parcel of land owned
by the executor in his own right, of greater value per acre than the trust
estate, and the former was made to sell the latter. In fixing the amount for
which he must account this fact should be taken into consideration upon the
question of damages.

APPEAL from the Circuit Court of St. Clair county; the Hon.
AMOS WATTS, Judge, presiding. Opinion filed August 13,
1880.

Mr. MARSHALL W. WEIR, for appellant; that upon the death
of the owner, the title to real estate descends to the heir, and
the administrator cannot sell it except to pay debts, cited
Hopkins v. McCan, 19 Ill. 113; Stone v. Wood, 16 Ill. 177;
Phelps v. Funkhouser, 39 Ill. 401; LeMoyne v. Quimby, 70
Ill. 399; Sebastian v. Johnson, 72 Ill. 282; Dean v. Dean, 3
Mass. 258; Drinkwater v. Drinkwater, 4 Mass. 358; Cross v.
Carey, 25 Ill. 562; Mills v. Marshall, 8 Ind. 54.

If an administrator assumes to lease real estate, he will
hold the rent in trust for those legally entitled: Terry v. Fer-
guson, 8 Porter, 500.

The will conferred a special trust upon the executor, which
cannot be performed by appellee as administrator *de bonis
non:* Dominick v. Michael, 4 Sandf. 374; LeFort v. Delafield,
3 Edw. Ch. 32.

Where the executor is charged with a special trust, and for
any reason cannot act, such trust should be devolved upon a
trustee specially appointed by a court of chancery: Farwell v.
Jacobs, 4 Mass. 634.

Messrs. G. & G. A. KOERNER, Messrs. NOETLING & HOLBERT
and Mr. JAMES J. RAFTER, for appellee; that the citation to the ex-
ecutor to render an account was properly made in the name of
the People, cited Reynolds v. The People, 55 Ill. 328.

The order of court that the executor pay over all moneys be-
longing to the estate to his successor, binds him and his
bondsmen: Ammons v. The People, 11 Ill. 6; Ralston v.

Wood, 15 Ill. 159; Gilbert v. Guptill, 34 Ill. 112; Stovall v. Banks, 10 Wall. 583.

The order was authorized by the statute: Rev. Stat. Chap. 3, §§ 111, 112, 113.

This property would properly be included in an inventory. if one had been filed by the executor: Rev. Stat. Chap. 3, § 51.

A lease is a chattel interest: 1 Williams on Executors, 596; Neubrecht v. Santmeyer, 50 Ill. 74; Sutter v. Dietrich, 39 Mo. 91.

If an executor dies, leaving estate unadministered, an administrator *de bonis non* must be appointed: Connell v. McLean, 6 Har. & J. 267; Haslett v. Glenn, 7 Har. & J. 23; State v. Wright, 4 Har. & J. 148; Alexander v. Stewart, 8 G. & J. 226.

Personal estate of one dying intestate must pass through due administration: Ferrie v. Public Adm'r, 3 Bradf. 249; Leamon v. McCubbin, 82. Ill. 263.

Upon the right of an administrator *de bonis non* to recover the balance of an estate: Duffin v. Abbott, 48 Ill. 17; Weld v. McClure, 9 Watts, 495; State *ex rel.* v. Dulle, 45 Mo. 269.

He may recover, though no final settlement had been made by the executor: State v. Porter, 9 Mo. 356.

All goods and chattels, real and personal, go to the administrator: 1 Williams on Executors, 717.

A term for years vests in the executor, for the purpose of settling the estate according to law: 1 Williams on Executors, 754; Lewis v. Lyons, 13 Ill. 117.

WALL, P. J. This proceeding was instituted in the County Court of St. Clair county, by Hanifan, administrator *de bonis non* of Mary Hays, deceased, against the estate of John Short, deceased. Upon appeal to the circuit court, a trial was had, resulting in a judgment in favor of the claimant for $18,260. The case is brought here by the administrator of Short. Mary Hays died in 1852, leaving her will, by which Short was appointed her executor, without bond. The estate consisted principally of leaseholds for 99 years, upon two lots, in the Cahokia Commons, one lot containing two and one-half acres, the other twenty acres. By the terms of the will, the executor

McDonough v. Hanifan.

was authorized to lease this property until the two sons of the deceased should come of age, pay the debts and funeral expenses of the deceased, and pay the residue over to the said sons from time to time, as the executor might deem best; or he might occupy the property himself at the fixed annual rate of one hundred dollars, making such improvements as might be necessary, and for all sums advanced for improvements, taxes and rents he should have a lien upon the property. · The sons of the deceased seem to have disappeared, and whether they are yet alive is unknown. The executor took possession of the property, and occupied the same, and in 1871 sold the twenty-acre parcel to one Lovingston. The small parcel he continued to occupy, having made some improvements on the same, up to his death. By an order of the county court, Short was removed in May, 1877, from his office of executor, for failing to comply with the previous orders of the court, requiring him to file inventory, and make account and settlement of the moneys that had come to his hands, and an administrator *de bonis non* was appointed. Short afterwards died.

The claim now made against his estate is for the proceeds of the sale of the leasehold of the twenty acres, and for the rents and profits thereof, and of the two and one-half acres. It appears that Short claimed the power, under the will, to sell these leasehold interests, and whether he was so authorized or not, it is certain that he did sell the twenty acres. He was the owner in his own right of a leasehold of another adjoining parcel, containing seventeen and one-half acres; and the two parcels containing in the aggregate thirty-seven and one-half acres he sold to said Lovingston, for the sum of $18,500. After considerable litigation and expense, he enforced payment of the whole of this sum. See Lovingston v. Short, 77 Ill. 587.

It is insisted by the appellant, that the will did not authorize the sale, and that the title was not thereby affected; and therefore Short was not liable to account for the proceeds. It is not admissible that he, or his representatives should take this position. He assumed to sell; asserted the power to do so; he had some right to the possession at least, under the provisions of the will. He enforced his contract by legal

means; he received the proceeds, and it cannot be doubted that he must account therefor to some one. He may not convert the estate to his own profit. He had no right to keep this money, for it was not his; and certainly in this proceeding, as between him and the estate, it belongs to the latter.

Having assumed the power to sell and receive the proceeds, he was estopped to deny the validity of the transaction, and thus reap. a rich profit by his own wrong. Whatever gain he derived from the management of the trust was not his, but enured to the estate. Hill on Trustees, 535; Van Horn v. Fonda, 5 John. Ch. 388; White v. Swain, 3 Pick. 365; Irby v. Kitchell, 42 Ala. 438; Bigelow on Estoppel, 435. The estate in question passed to the executor, and not to the heir. Williams on Executors, Vol. 1, 559, *et seq.*, and the executor having been removed, is liable to account to the administrator *de bonis non* R. S. Ch. 3 Sec. 39; Duffin v. Abbott, 48 Ill. 17.

It clearly appears from the evidence, that in this sale to Lovingston, the more valuable parcel of $17\frac{1}{2}$ acres was made to sell the 20, and while, in the trade, the two tracts were nominally rated at $500 per acre, yet the latter was not worth more than $250 per acre, and the former was worth at least $750 per acre, and these values were the real basis on which the sale was made. The smaller parcel was high ground, near the city of East St. Louis, and immediately available for lots; the larger was further off, lower ground, and otherwise comparatively undesirable. The verdict was doubtless based on a valuation much higher than warranted by these facts. The estate of Short is not chargeable on this item with a greater sum than that actually realized in the trade, and it is competent to prove what that sum was; and when considered in the light of the other circumstances, evidence as to the real value, would tend to prove what was realized, and for that purpose, and in that view was competent. But the jury should be instructed that if it is definitely established, what price the parcel did actually bring, then it is not material that this was more than its real worth. We think the amount allowed by this verdict is excessive, and the judgment is reversed and cause remanded for another trial.

Reversed and remanded.