## The People, for use of E. J. Zimmer, Admr., v. Pacific Surety Company.

### Gen. No. 12,871.

1. ADMINISTRATOR DE BONIS NON—*right of, to maintain action upon bond of predecessor.* An administrator *de bonis non* appointed after the revocation of the letters of the administrator originally appointed, may sue, as upon a *devastavit*, on the bond of his predecessor, for assets of the estate converted by the predecessor to his own use.

Action of debt. Error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed December 13, 1906.

McCLELLAN & SPENCER, for plaintiff in error.

STUART G. SHEPARD, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment entered by the Superior Court of Cook county for the defendant in error, which was also defendant below, in an action of debt.

The suit was originally begun by Edwin J. Zimmer, administrator *de bonis non* of the estate of Catherine Halton, deceased, against the Pacific Surety Company, but all the papers and proceedings were subsequently amended to make the title of the cause The People of the State of Illinois which sues for the use of Edwin J. Zimmer, administrator *de bonis non*, etc., v. The Pacific Surety Company.

An amended declaration filed December 13, 1905, alleged that on September 3, 1901, one Patrick Halton was appointed by the Probate Court of Cook county, administrator of the estate of Catherine Halton, deceased, and was duly qualified as such admin-

istrator; that he entered into a bond with the defendant, The Pacific Surety Company, as surety, in double the value of said estate, according to the form of the statute; that the defendant, The Pacific Surety Company, jointly and severally with Patrick Halton, executed the usual administrator's bond (setting forth its conditions); that thereupon Patrick Halton took upon himself the office of administrator, and was administrator until March 25, 1903, when he was by the said Probate Court removed from said office and the letters of administration that had been issued to him were revoked, and E. J. Zimmer duly appointed as administrator *de bonis non* of said estate; that Zimmer duly qualified and had been ever since such administrator. The declaration further alleged that Patrick Halton did not faithfully discharge the duties of his office of administrator according to the condition of the bond, but neglected so to do, to the injury of the administrator *de bonis non;* that on the contrary, in June, 1902, Patrick Halton left the state for parts unknown, and that his whereabouts were unknown,.and it had been impossible for said Zimmer to make a demand on him for the money and effects belonging to the estate. Breaches of the bond were then assigned, in that Patrick Halton had neglected and refused to pay over large sums of money that had come to his hands belonging to the estate of Catherine Halton to Edwin J. Zimmer as administrator *de bonis non,* or to the heirs and next of kin of Catherine Halton, or to any other person entitled thereto, but had converted said money to his own use; that said Halton had not made or exhibited any inventory of the goods, etc., of the estate; that he had not duly administered the goods, chattels, rights, debts and credits of the estate, etc.; that he had not paid unto such persons as were legally entitled thereto the goods, chattels, rights and credits of the deceased which were found remaining upon the ac-

count of the administrator, and that he did not on June 30, 1902, or at any other time, file in the Probate Court, as he was ordered on June 27, 1902, to do, an account with said estate; nor have there on June 30, 1902, or at any other time, the assets of the estate ready for distribution, as he was also ordered to do.

A breach of a still more special character was then assigned, in that Patrick Halton received on June 5, 1902, from the City Railway Company, in settlement and payment for a claim of said Patrick Halton as administrator of Catherine Halton against said railway company for causing by its negligence the death of Catherine Halton, the sum of $2,510, and converted the same to his own use, and had neglected and refused and still neglected and refused to pay over the said sum, or any part thereof, to Edwin J. Zimmer as administrator *de bonis non* of said Catherine Halton, or to the heirs and next of kin of said deceased, or to any other person lawfully entitled thereto.

A still further breach was assigned, in that Patrick Halton compromised the claim of the estate against said City Railway Company for $2,500, in violation of his duty and without leave of the Probate Court, which leave was required by the rules of said court.

A general demurrer was interposed to this declaration, which the trial court sustained, and on the plaintiff's electing to stand by the declaration, entered a judgment *nil capiat* and for costs.

Proper exceptions were taken to this action, and from the judgment the plaintiff appealed to this court. The sustaining of the demurrer and the entry of the judgment are here assigned for error, as was also the denial by the trial judge of a petition for a change of venue by Edwin J. Zimmer, which denial and the proceedings incident thereto were preserved in a bill of exceptions. This point, however,

in our view of the cause, it is unnecessary further to notice.

The cause turns purely on the question: Can an administrator *de bonis non*, appointed after the revocation of the letters of the administrator originally appointed, sue as on a *devastavit* on the bond of his predecessor for assets of the estate converted by said predecessor to his own use?

The answer can be found in a section of the statute of the state, which in slightly differing forms has been in force since July 1, 1829. It constituted a part of section 71 of "An Act relative to Wills and Testaments, Executors and Administrators, and the Settlement of Estates," which went into effect at that date. In the revision of 1874, it is section 39 of chapter 3 (Administration of Estates), which chapter was approved April 1, 1872. As there found it is in force at present, and reads:

"In all cases where any such executor or administrator shall have his letters revoked, he shall be liable on his bond to such subsequent administrator, or to any other person aggrieved for any mismanagement of the estate committed to his care, and the subsequent administrator may have and maintain actions against such former executor or administrator for all such goods, chattels, debts and credits as shall have come to his possession and which are withheld or have been wasted, embezzled or misapplied and no satisfaction made for the same."

It is true that under the common law as it existed in Illinois before the act of June 10, 1887, amending the act of 1872 concerning the administration of estates, an administrator *de bonis non* could not maintain such an action on the bond of a predecessor upon whose decease he had been appointed (Rowan v. Kirkpatrick, 14 Ill. 1; Newhall v. Turney, 14 Ill. 338; Marsh v. People, 15 Ill. 285; Hanifan v. Needles, 108 Ill. 403), but the amending act alluded to removed this incapacity and expressly gave such an

action to the successor of a deceased administrator. It already belonged, under the statute of 1892, which we have quoted, to the successor of a removed administrator. That statute is plain and has been declared so by the Supreme Court in Marsh v. The People, 15 Ill. 285; Duffin v. Abbott, 48 Ill. 17; Hanifan v. Needles, 108 Ill. 403, and Nevitt v. Woodburn, 160 Ill. 203.

There is nothing said to the contrary by the Supreme Court anywhere except in the cases of Stose v. People and Short v. Johnson in the 25th Illinois, which are expressly overruled in Duffin v. Abbott, 48 Ill. 17. It is true that some language seems inadvertently used in Bliss v. Seaman, 165 Ill. 422, in relation to the authority of a successor to a deceased administrator, which ignores the statute of 1887, above described, but that has no bearing on the case here.

This state of the law requires a reversal of this judgment and a remandment of the cause with directions to overrule the demurrrer.

The contention is made by the appelleee that while the right to recover from the bondsmen of the former administrator the value of misused or converted assets of the estate, may exist in the administrator *de bonis non,* it does not extend to the recovery of money which has been collected under the "Campbell Act" from some person for negligently causing the death of the deceased.

"A personal injury claim, recovered by the first administrator, is not assets of the estate as intended by section 39," says the counsel for appellee in his argument.

But in the first place, as it is pointed out by appellant's brief, only one of the breaches assigned of the condition of the bond is the embezzlement and conversion of money received on the death claim. Among others is one that "divers large sums of

money amounting, to wit, to six thousand dollars, belonging to the said estate, came into the hands of Patrick Halton as administrator, ·and that he converted and disposed of that money to his own use," and neglected and refused to turn it over either to the administrator *de bonis non* or to the heirs and next of kin of said Catherine Halton, deceased, or to any other person entitled thereto.

*Non constat* but that proof might have been made under this assignment of the conversion of assets of the estate not the proceeds of the death claim. But even if the presumption is made that the death claim collected from the Chicago City Railway constituted the entire estate of Catherine Halton (which may well be the fact), and that there was no mismanagement of the estate except in the conversion of the proceeds of this claim, the situation is not changed. The Supreme Court uses this language regarding the proceeds of such a claim: "It is as much assets in the hands of the administrator as if recovered for the benefit of creditors. * * * When he has collected it he holds it in his fiduciary capacity as much as any other monies of the estate, and he has not truly administered the estate until he has paid over the fund to the proper distributees. His sureties undertake for his performance of this part of the duties of his office as much as for any other." Goltra v. The People, 53 Ill. 224. It is true that in that case it was a distributee and not an administrator *de bonis non* who was suing the bondsman, but that does not change the applicability of the language. The statute says the original administrator and his bondsman shall be liable to the administrator *de bonis non* for assets that have been "wasted, embezzled and misapplied." The Supreme Court says that the proceeds of a death claim are, in reference to the liability of the original administrator and his bondsman, "assets of the estate" which he holds in

his capacity as administrator as much as any other funds of the estate.

We see no escape from the conclusion that this judgment must be reversed, and the cause remanded with directions to overrule the demurrer and proceed with the cause not inconsistently with this opinion.

*Reversed and remanded.*

Mr. Justice HOLDOM took no part in the decision of this case.