James T. McMeen, Plaintiff in Error, *vs.* William L. Grant, Defendant in Error.

*Opinion filed April 22, 1915.*

Laches—*when delay for seven years after attaining majority will bar setting aside sale.* A delay of seven years after complainant attained his majority in filing a bill to set aside an administrator's sale made thirty years before the bill was filed will bar relief, where the complainant had such knowledge when he attained majority that he could have ascertained all the facts had he exercised reasonable diligence and where the alleged irregularities in the sale resulted in no loss to the estate.

Writ of Error to the Circuit Court of Jefferson county; the Hon. William H. Green, Judge, presiding.

Thompson & Thompson, for plaintiff in error.

William T. Pace, and Robert M. Farthing, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The plaintiff in error, James T. McMeen, filed his bill in the circuit court of Jefferson county to set aside a deed made by the defendant in error, William L. Grant, as administrator of the estate of James M. McMeen, deceased, on August 25, 1888, to Johnson Hutchison, and a deed of the same land made by Hutchison to the defendant in error

on October 1, 1888, and to have an assignment to Della E. Grant of homestead and dower in the same land. Upon a hearing in open court the bill was dismissed for want of equity, and the complainant sued out this writ of error.

James M. McMeen died intestate December 17, 1881, leaving a widow, Della E. McMeen. The plaintiff in error is his only child. He was born after his father's death, on June 12, 1882. At the time of his death James M. Mc-Meen owned eighty acres of land, on which he resided, forty acres of which was mortgaged. On June 15, 1884, his widow married William L. Grant, and they have continued to reside on the land until the present time. In April, 1887, she filed a petition in the county court of Jefferson county for the appointment of her husband as administrator of the estate of James M. McMeen. At the December term, 1887, of the circuit court a bill was filed to foreclose the mortgage on the forty acres. As a result of negotiations between the holder of the notes and William L. Grant the suit was dismissed and the mortgage and notes were assigned to Johnson Hutchison, Grant's uncle, who probated the notes against the estate for $166.17. Grant, as administrator, filed a petition in the county court to sell the eighty acres of land to pay debts. A guardian *ad litem* was appointed for the plaintiff in error, a decree of sale was rendered, the land was sold to Johnson Hutchison, and on August 25, 1888, a deed was executed and delivered to him. On October 1, 1888, Hutchison conveyed the land to William L. Grant. Grant was in the continuous possession of the land for more than twenty years before this suit was brought, paid the taxes, made valuable and permanent improvements and treated the land as his own. Part of the time until he became of age the plaintiff in error lived with Grant and his wife and part of the time elsewhere. His mother was appointed his guardian, and when he became twenty-one years of age she made settlement and was discharged. In March, 1911, almost eight

268 — 5

years afterward, the bill in this case was filed, when the
plaintiff in error was nearly twenty-nine years old.

The bill alleged that the land was worth less than $1000
at the time of James M. McMeen's death and so continued
for many years but had recently increased in value to more
than that amount. It is averred that ·the administrator's
petition did not state the facts in regard to the existence of
homestead and dower rights, and that therefore the court
was without jurisdiction and the sale illegal and void; that
the administrator procured his uncle to buy the land in for
him and convey it to him later in order to obtain title in
himself; that the price of $190 at which the land was sold
was inadequate, the land being worth $700 or $800, and
that there was a fiduciary relation between William L.
Grant and the plaintiff in error. It was averred that· the
plaintiff in error had no knowledge of the proceedings in
the county court until within a year before the filing of
the bill. An answer was filed taking issue upon the aver-
ments of the bill, contradictory evidence was heard in open
court, and the finding of the court was against the com-
plainant. The answer, among other defenses, insists upon
that of *laches.* The deeds which are sought to be set aside
were made nearly twenty-three years before the ·bill was
filed, during which time the defendant in error has been
in possession of the land, claiming it as owner and making
improvements on it. · The purchaser at the administrator's
sale is dead. The widow's award and the mortgage debt
considerably exceeded the value of the land. The supposed
irregularities in the sale have resulted in no loss to the es-
tate, for if they had not existed and the land had been sold
for all the plaintiff in error claims it was worth it would
not have produced sufficient above the mortgage debt to
pay the widow's award. It is true the decree was rendered
while the plaintiff in error was an infant, but for more
than seven years after his majority he acquiesced in it and
took no steps to avoid the sale until after the property be-

gan to rise in value. In his bill he seeks to excuse this neglect by the allegation that he did not know of the existence of the proceedings which he now seeks to set aside until less than a year before he filed his bill, when they were disclosed to him by the abstract of title. The proceedings, however, were all of record, and the court was justified in finding that at the time he became of age he had such knowledge that by the exercise of reasonable diligence he could have ascertained all the facts. He knew that his step-father for years had claimed to be the owner of the property. The administrator's deed to Hutchison, and that from Hutchison to Grant, were recorded. The same means of information existed on his twenty-first birthday as seven years later, and an abstract would have disclosed as much then as it did later. No legal reason is shown for his failure to ascertain his rights. Under similar circumstances a complainant has been held to be guilty of such *laches* as to deprive him of any right to relief in equity. (*Mason* v. *Odum,* 210 Ill. 471; *Verdun* v. *Barr,* 253 id. 120.) While the existence of the homestead estate in his mother would prevent his maintaining an action for the recovery of the land, there was nothing to prevent his instituting legal proceedings at any time to set aside the sale to Grant. (*Verdun* v. *Barr, supra.*) Equity does not encourage stale claims, since by lapse of time there must, of necessity, be great difficulty in ascertaining the exact facts as to the matter in controversy. Unreasonable delay has been held to be a bar to equitable relief, even against a trustee. *Lequatte* v. *Drury,* 101 Ill. 77; *Hamilton* v. *Hamilton,* 231 id. 128; *Moore* v. *Taylor,* 251 id. 468.

The bill was properly dismissed for want of equity. The decree is affirmed.

*Decree affirmed.*

Mr. Justice Watson took no part in the decision of this case.