(No. 11616.—Decree affirmed.)

WALTER WANDSCHNEIDER, Appellant, *vs.* ANNA WAND-
SCHNEIDER *et al.* Appellees.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. EXECUTORS AND ADMINISTRATORS—*appointment of administrator by probate court cannot be questioned collaterally.* Where an administrator has been appointed by the probate court he is at least an administrator *de facto,* and the regularity of his appointment can not be questioned in a collateral proceeding. (*Langworthy's Heirs* v. *Baker,* 23 Ill. 484, and *Denk* v. *Fiel,* 249 id. 424, distinguished.)

2. LACHES—*a demurrer lies for laches appearing upon the face of a bill.* If a bill of complaint discloses on its face that the complainant has been guilty of *laches* the bill is subject to demurrer.

3. SAME—*when party is guilty of laches in suit to set aside administrator's deed.* A bill to set aside a deed of an administrator *de bonis non* and for partition on the ground that the conveyance was the result of fraud practiced by the complainant's mother, the grantee in the deed, who had been administratrix and was guardian of the complainant at the time of the sale, will be barred by *laches* where the complainant has delayed filing his bill more than six years after reaching majority, during which time he had opportunity to learn the facts through the probate records.

4. PLEADING—*when a demurrer does not admit allegations of fraud in a bill.* Allegations of fraud in a bill are to be construed most strongly against the pleader, and where the facts alleged are not such as to amount to fraud a demurrer to the bill does not admit fraud.

5. PARTIES—*when an administrator should be made a party to bill to set aside his deed although no fraud is charged against him.* Where it appears from the facts alleged in a bill to set aside an administrator's deed on the ground of fraud practiced by the grantee that if there was any fraud in the sale the administrator must have been a party thereto, the administrator is a necessary party to the bill although no fraud is charged therein against him.

6. REHEARING—*a point first raised on petition for rehearing is not considered.* A point not raised in the original brief but which is raised for the first time on petition for rehearing need not be considered.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

GEO. W. THOMA, (RATHJE & WESEMANN, and W. A. AMBERG, of counsel,) for appellant.

JOHN W. LEEDLE, and CHARLES S. WILLISTON, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of DuPage county, asking, among other things, that a certain decree of the county court of said county to sell real estate to pay debts be set aside, along with the sale and conveyance thereunder, and that the real estate in question be partitioned between appellant and appellees. A demurrer filed to the original bill was sustained and leave given to file an amended bill which prayed for the same relief, the allegations, however, being set out more in detail. To this amended bill a demurrer was sustained and said amended bill was dismissed for want of equity. This appeal was taken from said decree.

The amended bill set forth that Fred Wandschneider, the father of appellant, died about March 22, 1908, intestate, leaving Anna Wandschneider, his widow, and three children, viz., the appellant, Walter Wandschneider, Frank Wandschneider (since deceased) and Stella Wandschneider, (now Stella Graue,) as his only heirs-at-law; that the intestate left a parcel of land improved by a two-story brick building valued at about $14,000; a second parcel improved with a two-story frame building valued at about $7000, and personal property valued at about $8500; also a retail liquor business bringing in a net income of about $20 per day; that the real estate was clear except a trust deed, on which was due $4000 in principal; that the widow and children continued to occupy the second story of the brick building until about February, 1916; that the rents from the frame building were collected by the widow and not accounted for

by her.   The amended bill further alleges that the widow immediately took possession of all the personal estate, and that the two sons, Walter and Frank, upon the request of their mother continued to conduct the saloon business in the lower story of the brick building as they had been doing for some time during their father's last illness; that the mother promised them that if they would thus continue the business she would turn over all of her interest in the property to them; that this arrangement was continued and the business was so conducted until the younger son, Frank, became ill, after which Walter did the work alone until about the time Frank died, which was in July, 1916; that about that time Walter asked his mother to account for his share in his father's estate and the mother refused, claiming that she owned the entire estate, both real and personal; that during the time he conducted the saloon the mortgage was paid off out of the proceeds of the business; that his mother further said to him that this would inure to his benefit as the owner of his share in the premises.   The amended bill further alleges that the widow, Anna Wandschneider, was appointed administratrix of her husband's estate by the county court of DuPage county April 6, 1908, and about a month later was appointed by the same court guardian of the minor children, including appellant; that the administratrix filed an inventory in said court which showed only $1137.73 in personal property but failed to account for the other personal property; that on July 6, 1908, said Anna presented to said court her resignation as administratrix but gave no notice of such resignation to appellant; that on said last mentioned date she filed her account as administratrix, setting forth that she had paid out all of the amount received by her, but, in fact, not showing where $100 went, and also caused to be filed the note which was secured by the trust deed, as a claim against the said estate; that on said July 6, 1908, the widow petitioned the county court to appoint Otto Balgemann as administrator *de bonis non;*

that on said day the court accepted her resignation and appointed said Balgemann; that on the same day Balgemann, as administrator *de bonis non,* filed a petition to sell the real estate to pay debts, alleging a deficiency in the personal property of $5998.42; that thereafter proceedings were had in the county court by virtue of which Anna Wandschneider claims to have acquired all the right, title and interest of appellant in said real estate; that said two parcels of real estate were struck off to Anna Wandschneider for $7000 in the sale by Balgemann as administrator *de bonis non,* but that no part of the purchase price under said sale was ever paid by her to the administrator *de bonis non* or used to pay the debts of the deceased. The amended bill further alleges that by the death of Frank Wandschneider his share in said real estate descended to his mother, sister and brother; that at the time of the death of their father the two sons were minors, appellant having been born September 7, 1889, and Frank on September 30, 1891; that by reason of the fraud and imposition practiced upon the court by said administratrix, and by reason of her failure to comply with the statute requiring the giving of notice before her resignation was accepted, the appointment of the administrator *de bonis non* and the sale of said real estate are absolutely void; that the petition under which said real estate was sold to pay debts was insufficient and failed to comply with the requirements of the statute, in that it failed to state the nature of all the liens and also failed to include either Anna Wandschneider as guardian, or the trustee under the said trust deed, as a party defendant; that appellant did not learn of said fraudulent matters until shortly before the filing of this bill, in the latter part of 1916. The amended bill prayed that the decree of the county court authorizing the sale of the real estate, and the sale and conveyance made thereunder, be set aside; that an accounting be had, and that a partition of the premises be made be-

tween said widow, appellant and his sister, and for such further relief as equity might require.

The demurrer sets forth that the amended bill fails to show whether or not the estate of Fred Wandschneider had been closed and the administrator *de bonis non* discharged; that if not closed the county court of DuPage county has jurisdiction over this question, and if closed then it becomes a vital question as to when it was done with reference to the time appellant arrived at legal age; that the amended bill does not contain the necessary allegations relative to the sale of said real estate in the county court, so as to show whether or not the appellant is bound thereby; that the amended bill also fails to contain any formal statements or allegations sufficient to vest the trial court with jurisdiction to set aside and vacate the proceedings and decree of sale entered by the county court of DuPage county.

Counsel for appellant first insist that the appointment of Balgemann as administrator *de bonis non* was void because the former administratrix gave no notice of her intended resignation and did not make full settlement of the property in her hands before she was discharged. Counsel rely mainly in support of this contention upon section 40 of the Administration act, which provides, among other things, that the resignation of an executor or administrator shall only be allowed "upon giving such notice to the legatees, devisees or distributees, as the court shall direct." (Hurd's Stat. 1916, p. 17.) The bill alleges that no notice was given as required by this section. The same section further provides that no administrator shall be discharged until he shall have made full settlement with the court and shall deliver over to his successor all money, chattels and effects of the estate in his hands, and it is insisted that Anna Wandschneider did not so deliver over to her successor such property.

Counsel for appellees urge in their briefs here, as they did by their demurrer, that appellant does not charge in his bill that he was not served with a summons in the proceed-

ings to sell real estate or that no guardian *ad litem* was appointed by the court, nor does he allege that there was not a sale of the real estate through said county court or that no report was made by the administrator *de bonis non* of such sale, neither does he allege that a copy of the "just and true account" was not attached to said petition to sell the real estate. They argue that under this condition of the record all courts are bound to construe such pleadings against the pleader, and to presume that the estate of Fred. Wandschneider has not been closed and that the administrator *de bonis non* of said estate has not been discharged; that appellant was duly served with summons in the proceeding to sell the real estate; that a guardian *ad litem* was appointed for him by the court, and that a copy of the "just and true account," approved by said court, was attached to said petition; that appraisers were appointed to appraise the personal estate of said deceased and proper return on said appraisement was made pursuant to law. They also argue that under section 18 of the Guardian and Ward act (Hurd's Stat. 1916, p. 1421,) Anna Wandschneider, as guardian of the minor children, was not necessarily required to appear for them in said proceedings to sell real estate to pay debts; that under said section the court was authorized to appoint another person to act as guardian *ad litem* for the minors in said proceeding and that there is no allegation in the bill that such guardian *ad litem* was not appointed; that if such guardian *ad litem* was appointed appellant would necessarily be bound by such proceedings for the sale of the real estate, and that the court must assume that such guardian *ad litem* was so appointed in view of the failure of said amended bill to allege that one was not appointed for appellant.

We deem it unnecessary to discuss these various questions in detail, for if appellees' further contention is sustained that the validity of the administratrix's resignation and the appointment of Balgemann as her successor cannot

be raised by collateral attack, such holding renders it unnec-
essary to discuss any of these subsidiary questions.    Nec-
essarily, the attempt by this bill to set aside the decree of
sale entered by the county court authorizing the sale of the
real estate to pay debts is a collateral attack on such decree.
This court, in discussing the principle involved in this case,
in *Wight* v. *Wallbaum,* 39 Ill. 554, said (p. 563) : "It is
insisted that the probate court failed to observe the require-
ments of the law in granting letters of administration with
the will annexed to Russell on Wight's estate.    The probate
court had jurisdiction of the subject matter and of the per-
son and thereby became fully empowered to act by refusing
or granting such letters.    When they were granted Russell
thereby became, at the least, an administrator *de facto,* and
being such, the regularity of his appointment cannot be
questioned in a collateral proceeding.    On an application to
revoke the letters, or on an appeal from the order granting
the letters, all of the objections urged against their validity
would be properly considered, but they cannot be in a col-
lateral proceeding."

Counsel for appellant rely very strongly upon the rea-
soning of this court in *Langworthy's Heirs* v. *Baker,* 23 Ill.
484.    This court, in *Wight* v. *Wallbaum, supra,* referred to
the case of *Langworthy's Heirs* on this question and said
(p. 563) : "In the case of *Langworthy's Heirs* v. *Baker,*
23 Ill. 484, the distinction was taken between a direct and
a collateral proceeding and it was treated as a direct pro-
ceeding in that case, and on error it was held that the law
had been violated and the letters were held to be inoperative.
But it was not held that in an action of ejectment or other
collateral proceeding an administrator's deed made under a
decree of court could not be read in evidence because the
probate court had erred in granting him letters."    The case
of *Langworthy's Heirs* v. *Baker, supra,* was clearly a di-
rect attack by writ of error, and therefore, as shown by
*Wight* v. *Wallbaum, supra,* is not an authority on the ques-

tion of collateral attack. The ruling of this court in *Wight* v. *Wallbaum* has been cited with approval on this point in *Duffin* v. *Abbott*, 48 Ill. 17, *Dodge* v. *Cole*, 97 id. 338, *Golder* v. *Bressler*, 105 id. 419, *Frothingham* v. *Petty*, 197 id. 418, *Balsewicz* v. *Chicago, Burlington and Quincy Railroad Co.* 240 id. 238, and *Fecht* v. *Freeman*, 251 id. 84. And the doctrine that where an administrator has been appointed by the probate court he is at least an administrator *de facto* and the regularity of his appointment cannot be questioned in a collateral proceeding has never been doubted as being the correct rule and has never been modified or questioned. This being so, the appointment of the administrator *de bonis non* under such circumstances cannot be held to be absolutely void but only voidable when the question is raised directly in a proper proceeding, and therefore the holding of this court in *Denk* v. *Fiel*, 249 Ill. 424, relied on by counsel for appellant, (p. 431,) that "a decree or judgment rendered in a proceeding wherein jurisdiction of the court is wanting is absolutely void and may be called in question at any time by any person affected thereby, either directly or collaterally," is not in point on this question, as the decree of the county court in question must be held to be voidable only, and not void.

Counsel for appellant also cite and rely on the cases of *Munroe* v. *People*, 102 Ill. 406, and *Paulsen* v. *Manske*, 126 id. 72, as upholding their view that the appointment of Balgemann as administrator *de bonis non* can be questioned collaterally. The question of collateral attack was not raised or considered in either of those cases. There was no attempt to overrule or modify the doctrine laid down in *Wight* v. *Wallbaum, supra,* and the other cases supporting the rule there laid down, and while some things may have been said in the opinions in those two cases that may seem to be inconsistent with the rule laid down in *Wight* v. *Wallbaum, supra,* on this question, in view of the facts in those two cases we do not deem anything there said as conflicting with

the rule that the appointment of an administrator by a court of competent jurisdiction cannot be questioned in a collateral proceeding.

There is another reason why appellant was not entitled to recover under the allegations of his amended bill. All the allegations of fraud in this bill have reference to the acts of Anna Wandschneider as administratrix, and none of them charge that Balgemann, the administrator *de bonis non,* acted in a fraudulent manner or conducted the sale improperly. The sale in question took place in 1908. Appellant, Walter Wandschneider, became of age September 7, 1910. He did not file this bill until September 29, 1916, more than six years after reaching his majority. As stated before, counsel rely very strongly upon *Denk* v. *Fiel, supra,* as supporting their contention. The opinion in that case says, after citing several authorities as to the right of an infant to maintain a bill to set aside court proceedings, on page 429: "The above authorities settle, beyond controversy, the jurisdiction of equity to entertain an original bill at the instance of minors whose rights have been prejudiced by a decree rendered against them while they were under lawful age, and that such bill may be filed during minority or within the time fixed by the statute for suing out a writ of error after such infant defendants have attained their majority." Under the present statute "a writ of error shall not be brought after the expiration of three years from the rendition of the decree or judgment complained of." (Hurd's Stat. 1916, chap. 110, sec. 117, p. 2009.) Therefore, under the authority of *Denk* v. *Fiel, supra,* relied on by counsel for appellant, this writ of error should have been sued out within three years after reaching his majority, while the bill was not filed until more than six years after. Appellant attempts to justify this delay because of the action of his mother in lulling him into security by stating that his interests in the estate would be protected.

A demurrer lies for *laches* appearing on the face of the bill. (*Venner* v. *Chicago City Railroad Co.* 236 Ill. 349; *Coolidge* v. *Rhodes,* 199 id. 24.) If the amended bill of complaint in this case discloses on its face that the complainant has been guilty of *laches* the demurrer was properly sustained. The bill avers that Fred Wandschneider, the father, departed this life March 22, 1908, and that on April 6 of the same year his widow was appointed administratrix. The allegations further disclose that appellant became twenty-one years of age on September 7, 1910; that he did not institute this cause of action until September 29, 1916, when he was twenty-seven years and twenty-two days of age. Unless he can reasonably explain this delay of more than six years, under the decisions of this court he should be barred from relief, even assuming, under the pleadings, that the facts set forth in the amended bill are true and must be resolved in his favor. In the case of *Coolidge* v. *Rhodes, supra,* the court said (p. 33) : "It is true that where the question of *laches* is involved, if there are facts which would put a person of ordinary prudence upon inquiry, the complainant will be chargeable with such knowledge as would have been obtained upon such inquiry." And again, in *Mason* v. *Odum,* 210 Ill. 471, it was said (p. 477) : "We have held that where the question of *laches* is involved, facts which would put a person of ordinary prudence upon inquiry will charge him with such notice as could have been obtained if such inquiry had been made. * * * All of the county court proceedings had been a matter of record for twenty-four years, and during six of these twenty-four years Richard Odum [the complainant] was of age and had every opportunity to inform himself as to the true condition of affairs, and yet he neglected to assert the claim he now makes until this bill was filed." This statement and reasoning apply with force to the case at bar. For over six years the appellant had every opportunity to inform himself of the true condition, assuming that, residing, as he did,

with his mother, he did not know it from other sources. In *Mason* v. *Odum, supra,* the complainant was residing outside of the State of Illinois when he became of age and did not return to this State until two years thereafter.

In *Sloan* v. *Graham,* 85 Ill. 26, an administrator sold real estate to pay debts and at the sale purchased the land himself. The sale took place in 1853, and the purchaser immediately entered into possession and continued in possession until March 31, 1873, when a bill was filed to set the sale aside. One of the complainants, John R. Graham, was an infant at the date of the sale but became of age July 20, 1867, and then delayed filing the bill for about six years. It was held that it was his duty, under the statute, to file his bill within three years, and having failed to do so his right of action was barred.

In *McMeen* v. *Grant,* 268 Ill. 64, the complainant delayed for seven years after attaining his majority the filing of his bill to set aside an administrator's sale. By an apparent subterfuge the land was sold to another person for the benefit of the administrator, such purchaser conveying back to the administrator shortly thereafter. The mother of the complainant in that cause was guardian for him and she married the administrator later. The bill of complaint alleged that the complainant had no knowledge of the proceedings in the county court until less than a year before the filing of his bill. The court, in discussing this question, said (p. 67) : "The proceedings, however, were all of record, and the court was justified in finding that at the time he became of age he had such knowledge that by the exercise of reasonable diligence he could have ascertained all the facts. He knew that his step-father for years had claimed to be the owner of the property. The administrator's deed to Hutchison, and that from Hutchison to Grant, were recorded. The same means of information existed on his twenty-first birthday as seven years later, and an abstract would have disclosed as much then as it did later. No legal

reason is shown for his failure to ascertain his rights." In the case at bar Anna Wandschneider was not administratrix of the estate when she purchased at the sale in question. She had resigned from that position several weeks before and her resignation had been accepted by the county court, the proper authority to accept it. It is clear from the allegations of this bill that appellant must have known that his mother was in charge of all the property in which he now claims an interest and was collecting the rents therefrom, and, as in the case of *McMeen* v. *Grant, supra,* the proceedings in the county court and the deed of the administrator *de bonis non* to his mother were of record and could have been as easily found at the time he became of age as they were later, just before he filed this bill.

Counsel for appellant earnestly insist that there was such fraud on the part of appellant's mother that he was lulled into inaction by her misleading statements. The only fraud, if any, that she can be charged with, assuming the bill to be true, was as to the statements in her inventory and her account when she resigned as administratrix, and her statement to appellant that if he conducted his father's business she would see that the proceeds from such business should ultimately accrue to his interest. We do not think these facts, as alleged in the bill, were such as to relieve appellant of the charge of negligence or *laches* in failing to investigate the record and find what had been done in the county court proceedings on the sale of the lands to pay debts. Where the facts stated in the bill are not such as to amount to fraud a demurrer thereto does not admit fraud and the allegations of fraud are to be construed most strongly against the pleader. We do not think, under the reasoning of this court in *Stow* v. *Russell,* 36 Ill. 18, *Sterling Gas Co.* v. *Higby,* 134 id. 557, and *State* v. *Illinois Central Railroad Co.* 246 id. 188, that the specific allegations in this bill are of such a nature as to relieve appellant against the defense of *laches.*

Counsel for appellees insist that no recovery can be had in this case because Otto W. Balgemann, administrator *de bonis non,* was not made a party, and that this question can be raised by demurrer. (*Flannery* v. *People,* 225 Ill. 62; *Conway* v. *Sexton,* 243 id. 59.) Appellant insists that Balgemann was not a necessary party, as no fraud was charged against him. From the facts averred in the amended bill it seems necessarily to follow that if there was any fraud in the sale of the land the administrator *de bonis non* must have been a party to such fraud, and therefore we think he would have to be made a party before said administrator's deed could be set aside and the sale declared for naught.

In the state of this record we think the conclusion necessarily follows that the circuit court rightly dismissed the bill for want of equity. The decree of that court will therefore be affirmed.                    *Decree affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: The petition for rehearing filed in this case raised for the first time the question that the action for an accounting is not barred by the Statute of Limitations until 1921. That point was not made in the original brief and cannot be raised for the first time on petition for rehearing. (*People* v. *Snyder,* 279 Ill. 435.) It is true that the amended bill asked for an accounting, but as this question was in no way discussed in the briefs it was not considered in the opinion and cannot be raised now. Nothing was said in the opinion that was intended in any way to affect the question of an accounting between the parties.

Petition for rehearing will be denied.

*Petition denied.*